FIGUEROA v. MADERO et al.   (No. 795.)

(Court of Civil Appeals of Texas. El Paso. Feb. 14, 1918.)

1. TRIAL ☞253(4)—INSTRUCTIONS IGNORING ISSUES.
    In action for injuries in collision, where plaintiff alleged defendant was violating Pen. Code 1911, art. 815, by driving in excess of 18 miles per hour, and article 816, prohibiting excessive or dangerous speed and dangerous driving, it was error to submit only recovery under article 815, since the speed, though less than 18 miles per hour, might have been dangerous.

2. TRIAL ☞253(4)—INSTRUCTIONS IGNORING ISSUES.
    In action for injuries in collision, where plaintiff alleged defendant was violating Pen. Code 1911, art. 815, by driving in excess of 18 miles per hour, and article 816, prohibiting excessive or dangerous speed and dangerous driving, it was error to submit only recovery under article 815, in view of evidence that defendant was driving on the wrong side of the road, since that might have been dangerous, though he drove slowly.

3. APPEAL AND ERROR ☞918(3) — PRESUMPTION — AMENDMENT OF PLEADING DURING TRIAL.
    Trial amendment of petition, reciting that it was filed with leave of court, will be presumed to have been filed upon proper leave.

4. EVIDENCE ☞116 — STREETS — SPEED OF TRAVEL.
    In action for injuries in automobile collision, where defendants alleged the car involved was not theirs, and that they were present in their office and a witness said he was in their office and received a check at the time of the accident, the check was admissible in evidence.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Roberto Figueroa against Benjamin Madero and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. P. Brady, of El Paso, and Earl W. Anderson, of Phœnix, Ariz., for appellant. Ware & Norcop, O. L. Bowen, and E. J. McQuillan, all of El Paso, for appellees.

HIGGINS, J.   On November 15, 1916, about the noon hour, appellant was riding a bicycle on Montana street in the city of El Paso, going westward. At the intersection of Montana and Newman streets an automobile, which came from the west on Montana street, turned north into Newman street and ran over appellant, inflicting serious personal injuries upon him. He brought this suit against Benjamin and Alberto Madero, alleging that the car which struck him was

driven by Benjamin Madero for himself and codefendant. Among other grounds of negligence, it was alleged that the automobile was being driven and operated at about 25 or 30 miles an hour, in violation of article 815, Penal Code, and also being driven in violation of article 816 of the Penal Code, which provides that an automobile shall not be driven on any public road, street, or driveway at a speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street, or highway by others, or so as to endanger the life and limb of any person thereon. There is testimony to show that the car which ran over appellant was being driven at a rapid rate of speed, and also that it was being driven on the wrong side of the street. The jury was instructed that plaintiff could not recover if he was guilty of contributory negligence, and to find for the defendants if plaintiff was negligent himself in the way and manner he went or was going and such negligence was the proximate cause of his injury. The jury was instructed to find for the plaintiff if they believed that the defendants or either of them were driving the automobile at the time and place alleged at a greater rate of speed than 18 miles per hour, and if the driving of said car at such speed was a proximate cause of the injury. The defendants defended upon two grounds, viz, that it was not their car that injured the plaintiff, they being at another place at the time of the accident; and, further, that the plaintiff was guilty of contributory negligence. Verdict was returned and judgment rendered for the defendants.

[1] Error is assigned to the refusal of an instruction requested by the plaintiff, giving in charge the provisions of said article 816, and instructing the jury to find for the plaintiff if they believed that the defendants, or either of them, were driving the automobile at the time and place of the injury at a greater rate of speed than was reasonable and proper, having due regard to the traffic and use of said street by others, or that the defendants, or either of them, were driving or operating said automobile so as to endanger the life or limb of any person thereon, and that such conduct was a proximate cause of plaintiff's injury. As is noted above, the court's charge permitted a recovery by plaintiff upon the theory only that the car was being driven at a greater rate of speed than 18 miles an hour, in violation of article 815. The car may have been driven at a rate of speed less than 18 miles an hour, and yet be driven at a speed greater than was reasonable and proper, having due regard to the traffic and use of the street upon which the car was being driven and at the point where the accident occurred. This phase of the case should have been submitted.

[2] Furthermore, the testimony shows that the plaintiff was on the right side of the street, and that the car which struck him was on the wrong side. It is a matter of common knowledge that driving a car upon the wrong side of the street endangers the life and limbs of persons thereon. This evidence demanded a submission of that phase of the case also.

For the reasons indicated, the instruction requested should have been given, and the objections urged to the general charge of the court by reason of the omission therefrom of these phases should have been sustained.

[3] It is objected by the appellees that neither the pleadings nor the evidence raised these issues, but, as pointed out above, the evidence does raise the same, and it was plainly pleaded in a trial amendment filed by appellant. It seems to be contended that this trial amendment cannot be considered, for the reason that there is no order appearing in the transcript to show that it was filed by leave of court. It recites upon its face that it was filed with leave, and it would be presumed that proper leave to file the same was obtained. If the filing thereof was unauthorized, a motion to strike out the same should have been made in the court below.

[4] There was no error in admitting in evidence the check dated November 15, 1916, given by Benjamin Madero to the witness Castro. Benjamin Madero testified that he gave this check to Castro at his office in the Mills building, between 11 and 12 o'clock of the day of the accident, and that he remained in his office until after 12 o'clock. The payee, in the check, Castro, also testified that this check was given to him by Madero on the day of its date at Madero's office in the Mills building, between the hours of 11 and 12, and that he and Madero remained in the office until after 12 o'clock. This check was admissible for the purpose of sustaining Madero's contention that he was not in his car at the time and place of the alleged accident. Madero and Castro testified that they fixed the day by the date of the check, and it was admissible for that purpose.

The other assignments present no error.

Reversed and remanded.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.